Rosen & Kantrow, PLLC
Proposed Attorneys for David J. Doyaga, Sr., Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen

Hearing Date: May 26, 2020
Hearing time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

REDF EQUITIES, LLC,                                    In re: Chapter 7

                                                       Case No. 19-46820 (ESS)

                  Involuntary Debtor.
---------------------------------------------------------x

### INTERIM TRUSTEE'S OBJECTION TO PICK & ZABICKI'S
### MOTION TO BE RELEIVED AS COUNSEL

David J. Doyaga, Sr., interim trustee (the "Trustee") in the above captioned chapter 7 case, by and through his proposed attorneys, Rosen & Kantrow, PLLC, respectfully submits this Objection to Pick & Zabicki's ("PZ") Motion to be Relieved as Counsel and states as follows:

### BACKGROUND INFORMATION

1. This case was commenced by the filing of an involuntary petition under Chapter 7 of Title 11, United States Code ("Bankruptcy Code"), on November 13, 2019 (the "Petition Date").

2. PZ filed a Notice of Appearance for the alleged debtor on December 7, 2020. No further steps were taken in the case and on March 13, 2020, the Order for relief was entered and the Debtor was directed to file schedules, and if not filed by the Debtor the petitioning creditor was directed to do so.

3. The Debtor did not file anything, and the petitioning creditor filed schedules on April 8, 2020. PZ filed its Motion on April 12, 2020, more than four (4) months after appearing for the Debtor and having taken no action during that time.

4. David J. Doyaga, Sr., was appointed interim Chapter 7 Trustee by the Office of the United States Trustee on April 29, 2020. The Section 341 Meeting of Creditors is scheduled for June 12, 2020.

5. PZ moves on the basis that the principal of the Debtor never signed the retainer agreement and never paid PZ the retainer. The Trustee is sympathetic to their plight, but the simple fact is they filed a Notice of Appearance and then did nothing for over four (4) months. The fact that no retainer was signed does not mean they were not retained. Under New York law an attorney must *offer* a written retainer and advise of the client's rights in order to be able to sue for fees, but a writing is not required.

6. The schedules that were filed disclose real property with equity. The Section 341 meeting is on June 12, 2020. The undersigned requested that this Motion be adjourned until after the 341 meeting so that the corporate debtor could be examined with counsel present and this case could be administered. PZ refused the request.

7. So, the Trustee has no option but to oppose the Motion for PZ to be relieved as counsel until after the Debtor is examined. PZ has been practicing in this Court for a long time and they know the consequences of appearing for a debtor. It is not a situation where one puts one's toe in the water.

WHEREFORE, for all the foregoing reasons, the Trustee requests that this Motion be either denied in its entirety or adjourned until after the Debtor appears for the Section 341 Meeting of Creditors, together with such other and further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
       May 22, 2019

    ROSEN & KANTROW, LLC
    Attorneys for David J. Doyaga, Sr., as Trustee

    By: S/Avrum J. Rosen
    Avrum J. Rosen
    38 New Street
    Huntington, New York 11743
    631-423-8527
    arosen@rkdlawfirm.com